**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                        CRIMINAL NO: 19-CR-1824 MV

TERRY DEMETRI TSETHLIKAI,

          Defendant.

### UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES AND CONTINUE TRIAL

COMES NOW Defendant Terry Demetri Tsethlikai, by and through Assistant Federal Public Defender Angelica Hall, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3161(h)(7), and Rule 47 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court for an extension of the pretrial motion deadline *nunc pro tunc* to December 1, 2020; a thirty (30) day extension of the remaining pretrial deadlines; and a thirty (30) day continuance of the December 14, 2020 trial setting; and find that the time between the December 14, 2020 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 USC § 3161(h)(7)(A).

As grounds, Defendant Tsethlikai states:

1. On June 27, 2019, an Indictment was filed charging Mr. Tsethlikai with one count Voluntary Manslaughter, one count of Assault Resulting in Serious Bodily Injury, and one count of Assault with a Dangerous Weapon, contrary to 18 U.S.C. §§ 1153, 1112(a), 113(a)(6), and 113(a)(3). Doc. 2.

2. On July 3, 2019, a Writ of Habeas Corpus ad Prosequendum was issued surrendering Mr. Tsethlikai to the custody of the United States Marshal for the District of New Mexico. Docs. 5 & 6. Mr. Tsethlikai appeared for an Initial Appearance on July 23, 2019 and was ordered temporarily detained. Doc. 7. The Detention Hearing was held on July 31, 2019 and Mr. Tsethlikai was remanded into custody of the U.S. Marshal where he remains to this date. Docs. 15 & 16.

3. The Arraignment was held on July 24, 2019 and the Magistrate Judge entered a standard Discovery Order and set the initial pretrial motion deadline for August 13, 2019. Docs. 11 & 12. On August 5, 2019, the Court issued a Notice setting the initial Jury Selection/Jury Trial in this matter for the September 16, 2019 trailing docket. Doc. 19.

4. Defendant Tsethlikai has filed six prior Unopposed Motions to Extend Pretrial Deadlines and Continue Trial (Docs. 21, 23, 25, 28, 30 & 33) seeking additional time to complete review of the discovery with Mr. Tsethlikai, complete an independent investigation into the facts and law of the case, and engage in plea discussions. Defense counsel also notified the Court that the jail had been working with Mr. Tsethlikai to modify his mental health medications and additional time was necessary to permit Mr. Tsethlikai to obtain full therapeutic benefit from that new medication. The motions were granted (Docs. 22, 24, 26, 29, 32 & 34) and the deadlines and settings were continued and the trial was continued to commence through the September 28, 2020 trailing docket.

5. Due to the discovery and spread of the novel coronavirus which causes COVID-19 disease, the Court has issued Administrative Orders suspending trials through May 29, 2020, and excluding the time of the suspension from the computation of time

under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). *See* Administrative Orders 20-MC-0004-8 and -9 (March 13, 2020), 10-MC-0004-15 (March 31, 2020), and 20-MC-0004-17 (April 27, 2020).

6.     On September 1, 2020, Mr. Tsethlikai file a seventh Unopposed Motion to Extend Pretrial Deadlines and Continue Trial (Doc. 35) notifying the Court that the parties were engaged in plea discussions and that additional time was needed to permit defense counsel to complete an investigation into matters related to the plea discussions. The parties anticipated a thirty (30) day extension of the deadlines and continuance of the trial setting would be sufficient to complete the defense investigation and the plea negotiations. The Motion was granted (Doc. 36) and the deadlines and settings were continued: **October 1, 2020**, for pretrial motions; **November 30, 2020**, for motions to continue; **December 3, 2020**, for Call of the Calendar; and the **December 14, 2020** trialing docket for the trial.

7.     On November 19, 2020, Chief District Court Judge William P. Johnson issued an Administrative Order suspending trials through January 1, 2020, and excluding the time of the suspension from the computation of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). *See* Administrative Order 20-MC-0004-39.

8.     Over the past thirty days, Mr. Tsethlikai was transferred to another detention facility where defense counsel has better access to Mr. Tsethlikai and the parties have continued the plea discussions. However, due to the recent uncontrolled state-wide spread of the coronavirus, defense counsel has been unable to complete the defense investigation in the timeframe that had been anticipated. Defense counsel does not believe that the defense investigation can be completed before the November 30, 2020 deadline for motions

to continue and, therefore, the parties will be unable to complete the plea discussions before the December 14, 2020 trial. As a result, Mr. Tsethlikai seeks an extension of the pretrial motion deadline *nunc pro tunc* to December 1, 2020, and a thirty (30) day extension of the remaining pretrial deadlines, and a thirty (30) day continuance of the trial.

9. Without an extension of the pretrial motion deadline to December 1, 2020, and a thirty-day extension of the remaining pretrial deadlines and a thirty-day continuance of the December 14, 2020 trial setting, defense counsel will be unable to complete the defense investigation and the parties will be unable to complete the plea negotiations which are likely to result in a more favorable resolution of the case. Further, as noted in the Court's Administrative Order, the logistical problems presented by the new protective restrictions implemented by the New Mexico Governor would challenge jurors outside of the Albuquerque and Las Cruces areas from being able to report for jury duty. To commence trial on December 14, 2020, would be inconsistent with the goals of the Governor to reduce the now uncontrollable spread of the coronavirus state-wide.

10. Pursuant to 18 U.S.C. § 3161(h)(7)(A), this request for a continuance is in the best interest of justice and outweighs the best interests of Defendant Tsethlikai and the public in a speedy trial. As stated in the Court's Administrative Orders 20-MC-00004-17 and 20-MC-0004-39, it is likely that in-custody defendants like Defendant Tsethlikai, even exercising due diligence, would be denied reasonable time necessary for effective and adequate trial preparation given that may detention centers have implemented lockdown procedures hampering the ability of counsel to meet with their clients. Thus, the failure to grant the continuance would deny Defendant Tsethlikai his Fifth and Sixth Amendment

4

rights to present a defense and the testimony of defense witnesses and deny Defendant Tsethlikai his Sixth Amendment right to effective assistance of counsel resulting in a miscarriage of justice. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 875 (1982); *Washington v. Texas*, 388 U.S. 14, 18-19 (1967); *Strickland v. Washington*, 466 U.S. 668, 691 (1984)(defense counsel has a recognized duty to conduct a reasonable investigation); *Avery v. Alabama*, 308 U.S. 4444, 446 (1940)(defense counsel must be given adequate time to consult with the accused and to prepare his defense).

11.     Without an extension of the pretrial deadlines and a continuance of the December 14, 2020 trial setting, the parties will be unable to continue plea discussions which would possibly permit Mr. Tsethlikai to obtain a more favorable result and obviate the need for further litigation. *Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013)(waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act); *United States v. Stanton*, 94 F.3d 643 (4th Cir. 1996)(unpublished)(conservation of judicial resources by avoiding potential piecemeal litigation is justified as an ends of justice finding under Speedy Trial Act); *United States v. Stradford*, 394 F. App'x 927, 2010 WL 3622995 (3d Cir. 2010)(unpublished)(affirming continuance of time to discuss plea negotiations and conservation of judicial resources).  Thus, good grounds exist for the continuance of the trial setting pursuant to *United States v. Toombs*, 574 F.3d 1268 (10th Cir. 2009).  As such, Defendant Tsethlikai requests that the Court find pursuant to 18 U.S.C. § 3161(h)(7)(A) that, by granting this motion, all the time from December 14, 2020 trial setting to the new jury trial setting be excluded for the purposes of the Speedy Trial Act.

12. For the foregoing reasons, Defendant Tsethlikai respectfully requests the Court extend the pretrial deadlines, including the October 1, 2020 pretrial motion deadline *nunc pro tunc* to December 1, 2020, extend the remaining pretrial deadlines for thirty (30) days, and continue the December 14, 2020 trial setting for thirty (30) days.

Assistant United States Attorney Thomas Aliberti does not object to this motion.

**WHEREFORE** Defendant Tsehtlikai respectfully requests the Court grant an extension of the pretrial motion deadline *nunc pro tunc* to December 1, 2020, a thirty-day extension of the remaining pretrial deadlines, and a thirty-day continuance of the December 14, 2020 trial setting, and find that the time between the December 14, 2020 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 USC §3161(h)(7)(A).

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489; Fax: (505) 346-2494
Email: Angelica_Hall@fd.org

*/s/ Angelica Hall*
**ANGELICA HALL, AFPD**
Attorney for Defendant Tsethlikai

I hereby certify that on November 17, 2020, the foregoing document was filed through the CM/ECF system and as such was the equivalent of service to AUSA Thomas Aliberti, counsel for the government.

*Electronically signed on 11/20/20*
**ANGELICA HALL, ESQ.**
Assistant Federal Public Defender