**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                         CRIMINAL NO: 19-CR-1824 MV

TERRY DEMETRI TSETHLIKAI,

        Defendant.

### UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES AND CONTINUE TRIAL

COMES NOW Defendant Terry Demetri Tsethlikai, by and through Assistant Federal Public Defender Angelica Hall, and pursuant to the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3161(h)(7), and Rule 47 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court for an extension of the pretrial motion deadlines, including March 1, 2021 pretrial motion deadline *nunc pro tunc*; and continuance of the May 17, 2021 trial setting for sixty (60) days and find that the time between the May 17, 2021 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 USC § 3161(h)(7)(A).

As grounds, Defendant Tsethlikai states:

1.      Mr. Tsethlikai is charged with one count Voluntary Manslaughter, one count of Assault Resulting in Serious Bodily Injury, and one count of Assault with a Dangerous Weapon, contrary to 18 U.S.C. §§ 1153, 1112(a), 113(a)(6), and 113(a)(3). Doc. 2. Mr. Tsethlikai is in the custody of the U.S. Marshal Service pending a resolution of this matter. Doc. 16.

2. Mr. Tsethlikai has filed six prior *Unopposed Motions to Extend Pretrial Deadlines and Continue Trial* (Docs. 21, 23, 25, 28, 30, & 33) seeking additional time to complete review of the discovery with Mr. Tsethlikai, complete an independent investigation into the facts and law of the case, and engage in plea discussions. Defense counsel also notified the Court that the jail was working with Mr. Tsethlikai to modify his mental health medications and additional time was necessary to obtain full therapeutic benefit from the new medications. Some of that time was excluded from the Speedy Trial Act time computations due to the Administrative Orders suspending criminal trials through May 29, 2020. *See* Administrative Orders 20-MC-0004-8 and -9 (March 13, 2020), 20-MC-0004-15 (March 31, 2020), and 20-MC-0004-17 (April 27, 2020). The motions were granted (Docs. 22, 24, 26, 29, 32 & 34) and the deadlines were extended and the trial was continued to commence on the September 28, 2020 trailing docket.

3. On September 1, 2020, Mr. Tsethlikai filed a seventh *Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 35) notifying the Court that the parties were engaged in plea discussions and that additional time was needed to permit defense counsel to complete an investigation into matters related to the plea discussions. The parties anticipated a thirty-day extension of the deadlines and continuance of the trial would be sufficient to complete the defense investigation and the plea negotiations. The Motion was granted (Doc. 36) and the trial was continued to the December 14, 2020 trailing docket.

4. On November 19, 2020, Administrative Order 20-MC-0004-39 was issued suspending trials through January 1, 2020, and excluding the time of the suspension from the computation of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

5.     On November 20, 2020, Mr. Tsethlikai filed an *Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 38) seeking a thirty-day extension of the pretrial deadlines and continuance of the trial. As stated in the Motion, Mr. Tsethlikai was transferred to a facility in Santa Fe and the parties were able to continue the plea discussions. However, additional time was needed to complete an investigation in response to specific inquires by Mr. Tsethlikai. The Motion was granted (Doc. 40) and the deadlines and settings were continued: January 4, 2021, for pretrial motions; February 5, 2021, for the Call of the Calendar; and the February 22, 2021, trailing docket for the trial.

6.     Administrative Orders 20-MC-00004-49 and 21-MC-00004-4 were issued on December 21, 2020, and January 15, 2021, suspending all criminal jury trials through February 28, 2021, due to the steadily rising number of COVID-19 cases in New Mexico the issuance of Emergency Public Health Orders (issued on December 2, 2020, and December 30, 2020) implementing restrictions which create logistical challenges for potential jurors from being able to report for jury duty.

7.     On February 2, 2021, Mr. Tsethlikai filed an *Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 41) seeking a thirty-day extension of the pretrial deadlines and continuance of the trial. As stated in the Motion, additional time was needed to complete an investigation in response to specific inquires by Mr. Tsethlikai and to permit the parties to conclude the plea negotiations. The Motion was granted (Doc. 43) and the deadlines and settings were continued: **March 1, 2021**, for pretrial motions; **April 12, 2021**, for motions to continue; **April 30, 2021**, for the Call of the Calendar; and **May 17, 2021**, trailing docket for the trial.

8.      Defense counsel was able to complete confer with Mr. Tsethlikai further and conduct additional defense investigation and interviews of civilian witnesses to permit the parties to continue the plea negotiations.  The parties are now engaged in final plea discussions to take into account the new information brought to light through defense counsel's investigation.  The parties agree that a period of sixty days is needed to permit the United States to consider the information obtained by the defense and seek supervisory approval of a modification to the proposed plea agreement.  Once approval is obtained, additional time will be needed to permit Mr. Tsethlikai to enter a change of plea.  As a result, Mr. Tsethlikai seeks a sixty (60) day extension of the pretrial motion deadlines *nunc pro tunc*, and a sixty (60) day continuance of the trial.  The additional sixty days will permit the parties to complete the plea negotiations and enter a change of plea and, if those negotiations break down, to permit the parties to prepare for trial.

9.      Without an extension of the pretrial deadlines and a continuance of the May 17, 2021 trial setting, the parties will be unable to continue plea discussions which would possibly permit Mr. Tsethlikai to obtain a more favorable result and obviate the need for further litigation. *Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013)(waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act); *United States v. Stanton*, 94 F.3d 643 (4th Cir. 1996)(unpublished)(conservation of judicial resources by avoiding potential piecemeal litigation is justified as an ends of justice finding under Speedy Trial Act); *United States v. Stradford*, 394 F. App'x 927 (3d Cir. 2010)(unpublished)(affirming continuance of time to discuss plea negotiations and conservation of judicial resources).

10.     Pursuant to 18 U.S.C. § 3161(h)(7)(A), this request for a continuance is in the best interest of justice and outweighs the best interests of Defendant Tsethlikai and the public in a speedy trial.  As stated in the Court's Administrative Orders 20-MC-00004-17 and 21-MC-0004-04, it is likely that in-custody defendants like Defendant Tsethlikai, even exercising due diligence, would be denied reasonable time necessary for effective and adequate trial preparation given that may detention centers have implemented lockdown procedures hampering the ability of counsel to meet with their clients.  Thus, the failure to grant the continuance would deny Defendant Tsethlikai his Fifth and Sixth Amendment rights to present a defense and the testimony of defense witnesses and deny Defendant Tsethlikai his Sixth Amendment right to effective assistance of counsel resulting in a miscarriage of justice. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 875 (1982); *Washington v. Texas*, 388 U.S. 14, 18-19 (1967); *Strickland v. Washington*, 466 U.S. 668, 691 (1984)(defense counsel has a recognized duty to conduct a reasonable investigation); *Avery v. Alabama*, 308 U.S. 444, 446 (1940)(defense counsel must be given adequate time to consult with the accused and to prepare his defense).  Thus, good grounds exist for the continuance of the trial setting pursuant to *United States v. Toombs*, 574 F.3d 1268 (10th Cir. 2009).  As such, Defendant Tsethlikai requests that the Court find pursuant to 18 U.S.C. § 3161(h)(7)(A) that, by granting this motion, all the time from May 17, 2021 trial setting to the new jury trial setting be excluded for the purposes of the Speedy Trial Act.

11.     For the foregoing reasons, Defendant Tsethlikai respectfully requests the Court extend the pretrial deadlines, including the March 1, 2021 pretrial motion deadline *nunc pro tunc*, and continue the May 17, 2021 trial setting for sixty (60) days.

Assistant United States Attorney Thomas Aliberti does not object to this motion.

**WHEREFORE** Defendant Tsehtlikai respectfully requests the Court grant an extension of the pretrial deadlines, including the March 1, 2021 pretrial motion deadline *nunc pro tunc*, and continue the May 17, 2021 trial setting, for a period of sixty (60) days and find that the time between the May 17, 2021 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 USC §3161(h)(7)(A).

    Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
Fax:  (505) 346-2494
Email:  Angelica_Hall@fd.org

*/s/ Angelica Hall*
**ANGELICA HALL, AFPD**
Attorney for Defendant Tsethlikai

I hereby certify that on April 26, 2021, the foregoing document was filed through the CM/ECF system and as such was the equivalent of service to AUSA Thomas Aliberti, counsel for the government.

*Electronically signed on 04/26/21*
**ANGELICA HALL, ESQ.**
Assistant Federal Public Defender